IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LOUIS PIERRE DEABREU, et al.     :

    v.     :     Civil Action No. DKC 11-3692

NOVASTAR HOME MORTGAGE, INC.,    :
et al.     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action is a motion to dismiss for lack of subject matter jurisdiction filed by Defendants Wells Fargo Bank, N.A., Timothy J. Solan, John G. Stumpf, Buonassissi, Henning & Lash, U.S. Bank National Association, as Trustee for Credit Suisse First Boston, Alex Coooper Auctioneers, Incorporated, MERS, and Prudential Ridgeway Realty, Inc. (ECF No. 39). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, this motion will be granted.[1]

**I.  Background**

Plaintiffs Louis Pierre Deabreu and Renee Lavinia Deabreu commenced this action, proceeding *pro se*, in the United States District Court for the District of Columbia on November 28,

---

[1] A number of other motions are also pending, including motions to dismiss for failure to state a claim filed by other defendants. Because the court lacks subject matter jurisdiction, these motions will be denied as moot.

2011. The complaint, which largely relates to the foreclosure of Plaintiffs' home in Charles County, Maryland, names twenty-two defendants, but contains substantive allegations as to only one: Defendant Wells Fargo Bank, N.A.[2] Concomitantly with the complaint, Plaintiffs separately filed motions for leave to proceed *in forma pauperis*. The District of Columbia court transferred the case to this district, pursuant to 28 U.S.C. § 1391(b), and Plaintiffs' motions were granted. Thereafter, the United States Marshal effected service of process.

Seventeen defendants responded by filing motions to dismiss. Among these was a motion filed by Defendants Wells Fargo Bank, N.A., Timothy J. Solan, John G. Stumpf, Buonassissi, Henning & Lash, U.S. Bank National Association, as Trustee for Credit Suisse First Boston, Alex Coooper Auctioneers, Incorporated, MERS, and Prudential Ridgeway Realty, Inc., to dismiss the complaint for lack of subject matter jurisdiction. (ECF No. 39). Plaintiffs were advised by the clerk that a potentially dispositive motion had been filed (ECF No. 41) and they filed opposition papers in response (ECF No. 67).

---

[2] The complaint is far from a model of clarity. The only mention of a defendant other than Wells Fargo is a reference to cases in the District Court of Maryland for Charles County involving Defendants Navy Federal Credit Union, Silverman Theologou, LLP, North Star Capital Acquisition, LLC, Pioneer Credit Recovery, and EMC Mortgage, which Plaintiffs seek to "enjoin" for unspecified reasons. (ECF No. 1 ¶ II.b). These state cases appear to be garnishment proceedings related to defaulted student loans. (*Id.* at ¶ I.f).

**II. Analysis**

Motions to dismiss for lack of subject matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. Such a motion should only be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

Plaintiffs have invoked federal question jurisdiction as the jurisdictional basis of this action. Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Generally, whether any of a plaintiff's claims "arise under" federal law is determined by application of the well-pleaded complaint rule. *Ali v. Giant Food LLC/Stop & Shop Supermarket Co., LLC*, 595 F.Supp.2d 618, 621 (D.Md. 2009) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983)). According to the well-pleaded complaint

rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In their complaint, Plaintiffs assert that the "court has jurisdiction, because the Complainants are without relief save in a Court of Special Equity and on the grounds of injury sustained due to a breach of fiduciary duty and breach of contract[.]" (ECF No. 1 ¶ II). This statement clearly does not provide a basis for federal question jurisdiction; rather, it suggests that Plaintiffs' claims arise under Maryland common law.[3] Although the civil cover sheet accompanying the complaint cites a federal statute – 42 U.S.C. § 1983 – the complaint itself makes no mention of this provision, nor does any named defendant appear to be a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Plaintiffs have named the United States Department of Education as a defendant, and district courts have

---

[3] Indeed, at another point in the complaint, Plaintiffs assert that this is a "counter-claim suit in special equity jurisdiction . . . in response to the defendant[s'] suit in the Circuit Court [for] Charles County, Maryland[.]" (ECF No. 1 ¶ II.a).

jurisdiction over certain actions against the federal government. *See* 28 U.S.C. § 1346; 28 U.S.C. § 2671 *et seq*. But where, as here, the complaint contains no factual allegations relating to the government, it does not support the exercise of subject matter jurisdiction. *See, e.g., Scarborough v. Carotex Const., Inc.*, 420 Fed.Appx. 870, 874 (11th Cir. 2011) (finding no subject matter jurisdiction where the complaint "contains no allegations that the federal government . . . had any involvement whatsoever" in the case).

Complaints filed by *pro se* plaintiffs are "to be liberally construed . . . [and] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal marks and citations omitted). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

While Plaintiffs have failed to allege facts supporting a federal cause of action, their complaint does contain some language commonly associated with the federal Truth in Lending Act ("TILA") and Fair Debt Collection Practices Act ("FDCPA"). (*See* ECF No. 1 ¶ I.c ("there was no truth in lending as Wells Fargo Bank and associated parties purposely withheld and

5

concealed pertinent information"); (*Id.* at ¶ I.d (Plaintiffs "are the victims of . . . unfair debt collection practices regarding the presumed loan from Wells Fargo Bank")). Documents attached to the complaint, however, make clear that the mortgage in question was taken out in 2005; that a foreclosure action was filed in the Circuit Court for Charles County in March 2009; and that the property was sold at foreclosure on June 17, 2010. The statute of limitations for monetary damages arising under TILA is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). This limitation period begins to run when the borrower accepts the creditor's extension of credit. *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973); *Grant v. Shapiro & Burson, LLP*, Civil Action No. DKC 11-1724, 2012 WL 1632867, at *6 (D.Md. May 8, 2012). Similarly, under the FDCPA, "[a]n action to enforce any liability . . . may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Generally, the statute of limitations for a claim under the FDCPA "begins to run when a communication violating the FDCPA is sent." *Stewart v. Bierman*, --- F.Supp.2d ----, 2012 WL 1655716, at *4 (D.Md. May 8, 2012) (quoting *Akalwadi v. Risk Mgmt. Alts., Inc.*, 336 F.Supp.2d 492, 501 (D.Md. 2004) (internal marks omitted)). Plaintiffs did not commence the instant action until well over one year after the latest possible date that a violation under either of these

6

federal statutes could have occurred. Thus, insofar as they may have intended to assert causes of action under TILA or FDCPA, such claims would have been time-barred.

Because Plaintiffs may not rely on federal question jurisdiction as the basis of this action, the question remains as to whether the requirements for jurisdiction based on diversity of citizenship are met. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" Assuming the amount in controversy requirement is satisfied, as Plaintiffs claim damages of $46,610,221, the complaint clearly reflects that Plaintiffs and multiple defendants are citizens of the State of Maryland. Because the parties are not diverse, the requirements for diversity jurisdiction are not satisfied. Accordingly, the complaint must be dismissed.

**III. Conclusion**

For the foregoing reasons, the motion to dismiss for lack of subject matter jurisdiction filed by Defendants Wells Fargo Bank, N.A., Timothy J. Solan, John G. Stumpf, Buonassissi, Henning & Lash, U.S. Bank National Association, as Trustee for Credit Suisse First Boston, Alex Cooooper Auctioneers,

Incorporated, MERS, and Prudential Ridgeway Realty, Inc., will be granted.  All other pending motions will be denied as moot.  A separate order will follow.

                                                   _____/s/_____
                                                   DEBORAH K. CHASANOW
                                                   United States District Judge