IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LOUIS PIERRE DEABREU, et al.    :

        v.    :    Civil Action No. DKC 11-3692

NOVASTAR HOME MORTGAGE, INC,    :
et al.    :

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Louis Pierre Deabreu and Renee Lavinia Deabreu, proceeding *pro se*, commenced this action in the United States District Court for the District of Columbia on November 28, 2011. The complaint, which largely relates to the foreclosure of Plaintiffs' home in Charles County, Maryland, names twenty-two defendants, but contains substantive allegations as to only Defendant Wells Fargo Bank, N.A. The District of Columbia court transferred the case to this district, pursuant to 28 U.S.C. § 1391(b). This court granted Plaintiffs' motions for leave to proceed *in forma pauperis*, and the United States Marshal effected service of process.

Seventeen defendants responded by filing motions to dismiss. Among these was a motion filed by Defendants Wells Fargo Bank, N.A.; Timothy J. Sloan; John G. Stumpf; Buonassisi, Henning & Lash; U.S. Bank National Association, as Trustee for Credit Suisse First Boston; Alex Cooper Auctioneers,

Incorporated; MERS; and Prudential Ridgeway Realty, Inc., to dismiss the complaint for lack of subject matter jurisdiction. (ECF No. 39).

By a memorandum opinion and order issued June 4, 2012, the court granted Wells Fargo's motion. (ECF Nos. 90, 91). The court noted that, although Plaintiffs cited federal question jurisdiction as the jurisdictional basis, the well-pleaded allegations of the complaint did not present a federal question:

> In their complaint, Plaintiffs assert that the "court has jurisdiction, because the Complainants are without relief save in a Court of Special Equity and on the grounds of injury sustained due to a breach of fiduciary duty and breach of contract[.]" (ECF No. 1 ¶ II). This statement clearly does not provide a basis for federal question jurisdiction; rather, it suggests that Plaintiffs' claim arise under Maryland common law. Although the civil cover sheet accompanying the complaint cites a federal statute – 42 U.S.C. § 1983 – the complaint itself makes no mention of this provision, nor does any named defendant appear to be a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Plaintiffs have named the United States Department of Education as a defendant, and district courts have jurisdiction over certain actions against the federal government. *See* 28 U.S.C. § 1346; 28 U.S.C. § 2671 *et seq*. But where, as here, the complaint contains no factual allegations relating to the government, it does not support the exercise of subject

2

> matter jurisdiction. *See, e.g., Scarborough v. Carotex Const., Inc.*, 420 Fed.Appx. 870, 874 (11th Cir. 2011) (finding no subject matter jurisdiction where the complaint "contains no allegations that the federal government . . . had any involvement whatsoever" in the case).

(ECF No. 90, at 3-4). Upon further noting that the requirements for diversity jurisdiction were not met, the court found no basis for exercising subject matter jurisdiction and dismissed the complaint as to all defendants.

On June 19, 2012, Plaintiffs filed the pending motion for reconsideration. (ECF No. 92). Multiple groups of defendants separately filed opposition papers (ECF Nos. 93, 101-03), and Plaintiffs filed a near-identical reply to each opposition (ECF Nos. 96, 104-07).

A motion for reconsideration filed within twenty-eight days of the underlying order is governed by Federal Rule of Civil Procedure 59(e).[1] Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir.

---

[1] Plaintiff's motion was filed approximately fifteen days after the underlying order was entered.

2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)) (internal marks omitted).

Plaintiff has not sufficiently addressed any of the grounds for reconsideration under Rule 59(e), nor does any appear to be applicable. Plaintiffs' motion recites that it is "based upon the fact that the court may have overlooked the fundamental foundational [p]recedent and judicial notice established by the Consent Judgment filed in the U.S. District Court for the District of Columbia (here filed as Exhibit A and previously filed as exhibits in this case) which gives this Court undeniable subject matter jurisdiction[.]" (ECF No. 92, at 1). The attached exhibit is a press release, dated February 9, 2012 – over two months after Plaintiffs commenced this action – announcing that "the federal government and 49 state attorneys

general have reached a landmark $25 billion agreement with the nation's five largest mortgage servicers to address mortgage loan servicing and foreclosure abuses." (ECF No. 92-1, at 1). The press release further reflects that "[t]he agreement will be filed as a consent judgment in the U.S. District Court for the District of Columbia." (*Id*. at 2).

Despite Plaintiffs' apparent argument to the contrary, a consent judgment filed in another district court over two months after Plaintiffs filed their complaint does not provide a basis for subject matter jurisdiction. As noted in the prior opinion in this case, "[p]ursuant to 28 U.S.C. § 1331, 'district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" (ECF No. 90, at 3). Plaintiffs have not pointed to any claim in their complaint alleging violation of the Constitution, laws, or treaties of the United States.

Accordingly, it is this 5th day of February, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1.   The motion for reconsideration filed by Plaintiffs Louis Pierre Deabreu and Renee Lavinia Deabreu (ECF No. 92) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for Defendants and directly to Plaintiffs.

```
                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge
```